Philip SCHLEIT, Plaintiff,

v.

BRITISH OVERSEAS AIRWAYS CORP., etc., et al., Defendants.

Philip SCHLEIT, Plaintiff,

v.

KONINKLIJKE LUCHTVAART MAAT-SCHAPPIJ N. V., etc., et al., Defendants.

Civ. A. Nos. 799–66, 800–66.

United States District Court
District of Columbia.
April 10, 1968.

William D. Donnelly, Washington, D. C., for plaintiff.

Thomas Whelan, Washington, D. C., for defendants.

## OPINION

HOLTZOFF, District Judge.

The Court is of the opinion that the complaint does not set forth a valid claim for relief. The plaintiff, a practicing lawyer, was retained by a number of airlines to secure the elimination of a certain charge imposed by the proper authorities. Assuming that his services eventuated successfully, he now seeks to recover additional compensation, other than that paid to him by his clients, from two other airlines which likewise benefited from the result. He was not retained by the defendants and he was not requested by them to render any services.

The situation differs in principle from a case in which a lawyer's services in behalf of one client result in the creation of a fund in which other persons likewise participate. It is proper under those circumstances to compensate counsel out of the fund because his services resulted in the creation of the fund.

A somewhat similar case in this jurisdiction, Doherty v. Bress, 104 U.S.App. D.C. 308, 262 F.2d 20 (1958) in which counsel was awarded compensation for services rendered to one client as a result of which other persons benefited and were required to pay him an additional fee, likewise differs in principle. In the *Doherty* case counsel represented the plaintiff in one of a number of similar actions. A stipulation was entered in all the actions that a test case should be tried first and that other actions would abide the event of the test case. Counsel in that case was a plaintiff in the action before this Court seeking to recover additional fees from all parties who had benefited by the result of the test case. Both this Court and the Court of Appeals predicated their allowance of the claim solely on the fact that all parties entered into the stipulation that the test case be tried first and, therefore, would be benefited by the result if it were favorable to them. There is no similar situation in this case.

The defendants' motion to dismiss the complaint is granted.