Philip SCHLEIT, Appellant,

v.

BRITISH OVERSEAS AIRWAYS COR-
PORATION, BOAC–Cunard Lim-
ited, et al., Appellees.

Philip SCHLEIT, Appellant,

v.

KONINKLIJKE LUCHTVAART MAAT-
SCHAPPIJ N. V., t/a K. L. M. Royal
Dutch Airlines, Appellee.

Nos. 22035, 22036.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 18, 1969.

Decided March 5, 1969.

Mr. William D. Donnelly, Washington, D. C., for appellant.

Mr. George N. Tompkins, Jr., New York City, with whom Mr. Phillip D. Bostwick, Washington, D. C., was on the brief, for appellees.

Before BURGER, McGOWAN and TAMM, Circuit Judges.

PER CURIAM:

These appeals are from judgments of the District Court dismissing before trial for failure to state a cause of action complaints for the recovery of attorney's fees. 283 F.Supp. 99 (D.D.C.1968). Appellees are two foreign airlines who did not join with a number of other such airlines in retaining appellant to challenge certain allegedly discriminatory charges for the use of Miami International Airport imposed by the Dade County Port Authority. Appellant at length filed suit on behalf of his clients in the District Court for the Southern District of Florida. Appellant's success in the District Court was eventually nullified by the Fifth Circuit,[1] but, in the interval of these alternating fortunes, the Port Authority concluded to offer, in return for a waiver of all rights obtained through litigation, terms which reflected substantial improvements in the charges made for use of the Airport and which granted

1. Aerovias Interamericanas de Panama, S.A. v. Board of County Com'rs, 197 F. Supp. 230 (S.D.Fla.1961), rev'd, 307 F. 2d 802 (5th Cir. 1962), cert. denied, 371 U.S. 961, 83 S.Ct. 543, 9 L.Ed.2d 510 (1963).

refunds for excessive charges exacted in the past. Also in that interval appellees, acting through their own attorneys, filed suits which eventually were dismissed after the Fifth Circuit reversal. Appellees first appealed these dismissals, but while the appeals were pending availed themselves of the settlement terms which the Port Authority kept open even after it prevailed in the Court of Appeals.

Appellant alleges that, on these facts, he was responsible for the creation of a "fund" through *stare decisis* which he believes would entitle him to a reasonable recovery for attorney's fees. We cannot say, however, that the District Court erred in being unable to discern in the complaints any legal foundation for appellant's claim. No facts are alleged from which it would be possible (1) to imply any liability sounding in contract,[2] or (2) to identify any fund or *res* which was created or protected by appellant in such manner as to warrant the court having jurisdiction thereof to allow appellant a fee.[3] Appellant's suit in Florida did not purport to be of a class character. His grievance essentially is that appellees did not choose to retain him, and that his efforts on behalf of those who did redounded ultimately to appellees' benefit. That is not, however, an isolated phenomenon in our system of adversary litigation, and the perhaps inevitable personal sense of injury is not to be equated with a legal right to redress.

Affirmed.

2. One of the principal cases cited by appellant, Doherty v. Bress, 104 U.S.App. D.C. 308, 262 F.2d 20 (1958), cert. denied 359 U.S. 934, 79 S.Ct. 649, 3 L.Ed. 2d 636 (1959), is easily distinguishable on the ground that the plaintiff there had, by stipulation of various parties asserting claims arising out of an airplane crash, been chosen to prosecute a test case conceded to be binding on all the parties. His cause of action, therefore, relied on the implied agreement of the parties to enlist his services.

3. Appellant cites the case of Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 59 S. Ct. 777, 83 L.Ed. 1184 (1939), as authority for the proposition that an actual *res* need not always be created in order for an attorney to recover fees. However, in *Sprague*, which relied heavily on the inherent powers of a court sitting as a court of equity, it was the litigating party herself, a trust depositor in a failed bank, who brought an action equally beneficial to others similarly situated. The Court held that she was permitted to require those others to share her litigation expenses and attorney's fees.